# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM-BANG CHENG,<br><br>           Plaintiff,<br><br>    v.<br><br>J. MATTINGLY, et al.,<br><br>           Defendants. | CASE NO. 1:06-cv-01456-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 1) |

Plaintiff Sam-Bang Cheng ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 18, 2006.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and exhaustion must occur prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Plaintiff pursued his inmate appeal through the second level of review but did not thereafter

file the appeal at the third and final level, known as the Director's Level.[1] (Comp., pgs. 12-14; Exhibits 1-5.) Plaintiff provides a number of explanations and excuses, none of which are availing. Plaintiff's appeal was not fully granted and plaintiff's argument that it would have been futile to pursue the appeal further lacks merit. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). The third level of review was available to plaintiff and he was required to pursue his appeal to that level in order to satisfy the exhaustion requirement. Plaintiff's assertion that the appeal was screened out, rendering the process unavailable, is belied by his exhibits. Plaintiff had an appeal screened out on November 3, 2005, on the ground that plaintiff had failed to show he was being adversely effected. (Ex. 2.) Plaintiff's inmate appeal of the claims at issue in this action was granted in part and denied in part at the second level of review March 7, 2006. (Ex. 5.) Thus, the screening decision did not involve the later-issued second-level decision, and did not preclude plaintiff from proceeding to the third and final level of review.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 127 S.Ct. 910, 918-19 (2007) (citing Porter, 435 U.S. at 524). Exhaustion is an affirmative defense and plaintiff cannot be required to plead or demonstrate exhaustion in his complaint. Jones, 127 S.Ct. at 921. However, because is it clear from the face of plaintiff's complaint that he did not exhaust the available administrative remedies prior to filing suit, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

///
///

---

[1] The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

1  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
2  prejudice, based on plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claim
3  prior to filing suit.

4  These Findings and Recommendations will be submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
6  **days** after being served with these Findings and Recommendations, plaintiff may file written
7  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
8  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
9  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
10 1153 (9th Cir. 1991).

12 IT IS SO ORDERED.

13 **Dated:   March 27, 2007**            /s/ Sandra M. Snyder
   icido3                                 UNITED STATES MAGISTRATE JUDGE